IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL WIGGINTON, JR.                                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:15CV093-NBB-SAA

THE UNIVERSITY OF MISSISSIPPI;
DAN JONES, Individually, and in his
Official Capacity as Chancellor;
MORRIS H. STOCKS, Individually,
and in his Official Capacity as Provost;
JOHN Z. KISS, Individually, and in his
Official Capacity as Dean; VELMER BURTON,
Individually, and in his Official Capacity as Dean;
and ERIC LAMBERT, Individually, and in
his Official Capacity as Department Chair                                              DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the court upon the defendants' motion to dismiss for failure to state a claim and motion to dismiss for lack of jurisdiction. Upon due consideration of the motions, responses, and applicable authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Michael Wigginton, Jr., brings this civil action for violations of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, and 42 U.S.C. § 1983 seeking damages and injunctive relief against the defendants for allegedly committing acts under color of state law with the intent of depriving him of constitutional and statutory rights; wrongfully discriminating against him on the basis of race, color, sex, and age; arbitrarily and capriciously denying him of property and liberty interests; retaliating against him for his exercise of constitutionally protected speech in violation of the First Amendment; and state law

claims including breach of the plaintiff's employment contract with the University of Mississippi.

Defendant University of Mississippi hired Wigginton in 2008 as a tenure-track assistant professor in the Department of Legal Studies in the School of Applied Sciences. Wigginton applied for tenure and promotion in 2013. Wigginton's application went through numerous levels of review, including the Department Promotion and Tenure Committee and an Advisory Committee to the Dean of the School, both of which recommended tenure based on a 5-2 majority vote and a 3-2 majority vote respectively. Defendant John Kiss, Dean of the Graduate School, Defendant Velmer Burton, Dean of the School of Applied Sciences, and Defendant Eric Lambert, Department Chair, however, all reviewed Wigginton's tenure application and recommended denial, contradicting the recommendations of the aforementioned committees. These decisions were based in part on the discounting of the plaintiff's external reviewers. In March 2014, Defendant Provost Morris Stocks advised the plaintiff that he would not recommend him for tenure or promotion and that Wigginton had the right to appeal the denial.

The plaintiff appealed the University's decision to the University Tenure and Promotion Appeals Committee. After an April 14, 2014 hearing, the committee concluded that Defendant Lambert's prior positive reviews of Wigginton led him to expect a grant of tenure and promotion. The Appeals Committee held "that the discounting of the external reviewer letters was inappropriate since the reviews were selected through the University's own actions." The Appeals Committee concluded that the negative recommendation was arbitrary and capricious and recommended an extension of Wigginton's probationary period.

Despite the recommendation of the University's Tenure and Promotion Appeals Committee, Defendant Jones denied the plaintiff's application for tenure and promotion and refused to extend the plaintiff's probationary period. On June 17, 2014, Jones terminated Wigginton's employment effective May 10, 2015. Wigginton appealed Jones' decision to the Mississippi Board of Trustees of Institutions of Higher Learning (the "IHL Board") which denied his request for review on December 18, 2014. The IHL Board terminated Jones as Chancellor in March 2015.

The plaintiff filed the present action on June 11, 2015, and his amended complaint on October 26, 2015. The defendants subsequently filed their motion to dismiss for failure to state a claim and for qualified immunity and their motion to dismiss for lack of subject matter jurisdiction. The motions are fully briefed and ripe for review.

## Standards of Review

*12(b)(1) – Lack of Subject Matter Jurisdiction*

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). The court properly dismisses a claim for lack of subject matter jurisdiction when it lacks the statutory or constitutional authority to adjudicate the claim. *Home Builders Ass'n, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming*, 281 F.3d at 161. "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*

*12(b)(6) – Failure to State a Claim*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232-33 (5th Cir. 2009). A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Id.* But the court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal,* 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly,* 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand,* 565 F.3d at 255-57. If there are insufficient factual allegations to raise a right to relief above the speculative level or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly,* 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007).

*Qualified Immunity*

Qualified immunity protects a defendant acting under color of state law "insofar as his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982). The court is to apply a two-step analysis, now discretionary, to determine whether a government official is entitled to qualified immunity. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "First, the plaintiff must show that he suffered a constitutional violation, and then [the court] must determine whether the action causing the violation was objectively unreasonable in light of clearly established law at the time of the conduct." *Lacy v. Shaw*, 357 Fed. App'x 607, 609 (5th Cir. 2009) (citing *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007)). Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

## Analysis

It is axiomatic that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). This bar also applies when state officials are sued for damages in their official capacity because "a judgment against a public servant in his official capacity imposes liability on the entity that he represents." *Id.* It is well settled that Mississippi's state universities are arms of the State and, as such, are immune from suit under the Eleventh Amendment unless an exception applies. *See Yul Chu v. Miss. State Univ.*, 901 F. Supp. 2d 761, 772 (N.D. Miss. 2012). The state's immunity can be overcome in an injunctive or declaratory action grounded on federal law by naming state officials as defendants. *Graham*,

5

473 U.S. at 170, n.18 (citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984); *Ex parte Young*, 209 U.S. 123 (1908)). The *Ex Parte Young* exception to Eleventh Amendment immunity allows the plaintiff's Section 1983 claims for prospective injunctive relief to proceed against the individually named defendants in their official capacities. *Yul Chu*, 901 F. Supp. 2d at 775. For this reason, the court finds that, while the plaintiff cannot recover monetary damages from the University for any claims falling under Section 1983, he has sufficiently stated claims for injunctive and declaratory relief that are plausible on their face and therefore survive this stage of the litigation. This includes the plaintiff's claims under the Age Discrimination in Employment Act.

The plaintiff's Title VII claims survive because the plaintiff has alleged sufficient factual matter which the court must accept as true showing that the defendants may be liable for the conduct alleged. Further, Title VII expressly authorizes suits against the states and thereby abrogates Eleventh Amendment immunity. *Carpenter v. Miss. Valley State Univ.*, 807 F. Supp. 2d 579, 585 (N.D. Miss. 2011) (citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997)).

Taking the plaintiff's allegations as true at this stage and drawing all reasonable inferences in favor of the plaintiff from those allegations, the court finds that the individual defendants are not entitled to qualified immunity. The court is satisfied that the plaintiff has alleged sufficient factual matter to meet the requirements of *Harlow*, *supra*, and its progeny as well as *Lormand* and *Iqbal*, *supra*.

Conclusion

For the foregoing reasons, the court finds that the defendants' motions to dismiss and for qualified immunity are not well taken and should be denied. A separate order in accord with this opinion shall issue this day.

This, the 30th day of September, 2016.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**