IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL WIGGINTON, JR.                                                        PLAINTIFF

V.                                                   CIVIL ACTION NO. 3:15CV093-NBB-RP

THE UNIVERSITY OF MISSISSIPPI,
CHANCELLOR DAN JONES,
PROVOST MORRIS STOCKS,
DEAN JOHN KISS, DEAN VELMER BURTON,
AND CHAIR ERIC LAMBERT                                                      DEFENDANTS

## ORDER DENYING SUMMARY JUDGMENT

Presently before the court is the defendants' motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

The plaintiff, Dr. Michael Wigginton, Jr., joined the Department of Legal Studies within the School of Applied Sciences at the University of Mississippi as an Assistant Professor in 2008. He alleges that despite his outstanding resume and documented success as a professor, his application for tenure and promotion was wrongly denied and his employment terminated, as a result of the defendants' discrimination based upon the plaintiff's gender, race, and age. Wigginton, a Caucasian male, was sixty-five years old at the time his application for tenure and promotion was denied and his employment with the University terminated. Subsequent to the plaintiff's termination, two individuals were hired as tenure-track professors in the Department of Legal Studies, an African man in his thirties from Ghana and a Caucasian woman in her thirties.

The plaintiff's career in academia was preceded by a lengthy career in law enforcement. The plaintiff served in the United States Air Force, the New Orleans Police Department, the

Louisiana State Police, the United States Department of Justice Drug Enforcement Administration, the United States Customs Service Office of Investigations, and the Federal Bureau of Investigation Joint Terrorism Task Force.

The University's Tenure Policies and Procedures mandate annual reviews which address tenure criteria and eligibility for non-tenured faculty. To apply for tenure and promotion, a candidate must include his annual reviews in his dossier. In the five academic years the plaintiff served on the University faculty before applying for tenure and promotion, he received outstanding reviews. In addition to these positive annual reviews, the plaintiff was nominated for the Thomas A. Crowe Award for the School of Applied Sciences for the 2013 spring semester. Defendant Velmer Burton, Dean of the School, advised the plaintiff of his nomination in a letter stating, "This is an award that celebrates and recognizes meritorious faculty engagement in scholarship, teaching, and service."

The plaintiff's application for tenure and promotion went through numerous levels of review, including the Department Promotion and Tenure Committee and an Advisory Committee to the Dean of the School, both of which recommended tenure based on a 5-2 majority vote and a 3-2 majority vote respectively. Further, the Department faculty and the plaintiff's external reviewers recommended tenure and promotion. Defendant John Kiss, Dean of the Graduate School, Defendant Burton, Dean of the School of Applied Sciences, and Defendant Eric Lambert, Chair of the Department of Legal Studies, however, all reviewed Wigginton's tenure application and recommended denial, contradicting the recommendations of the aforementioned committees. The defendants assert that the recommendations of denial were based in part on the discounting of the plaintiff's external reviewers, which the plaintiff notes had been previously

2

approved by the University, and an alleged deficiency in scholarship, despite the plaintiff's five previous annual reviews which commended his scholarship and research.

In accordance with the University's Tenure Policies and Procedures, prior to a tenure and promotion application being evaluated by the Provost, a Review Committee provides an assessment of whether the appropriate procedures were followed in the application review process. The Review Committee is comprised of tenured professional faculty members from throughout the University. On February 6, 2014, Dr. Anne Bomba, as a member of the Review Committee, found that violations occurred during the evaluation of the plaintiff's tenure application. Among these violations, Dr. Bomba found that appropriate procedures were not followed, that non-permissible grounds led to a negative recommendation, that the Department Guidelines were not followed, and that the tenure and promotion process was not properly applied. Dr. Bomba also questioned whether the recommendations of denial were arbitrary and capricious.

Despite Dr. Bomba's concerns, the review process continued, and the plaintiff's dossier reached defendant, the University Provost, for action. In March 2014, the Provost advised the plaintiff that he would not recommend him for tenure and promotion and that Wigginton had the right to appeal the decision. The plaintiff then appealed the denial of tenure to the University Tenure and Promotion Appeals Committee. After an April 14, 2014 hearing, the committee concluded that the plaintiff's prior positive reviews led the plaintiff to expect a grant of tenure and promotion. The Appeals Committee held "that the discounting of the external reviewer letters was inappropriate since the reviews were selected through the University's own actions."

The Appeals Committee further concluded that the denial of tenure and promotion was arbitrary and capricious and recommended an extension of Wigginton's probationary period.

Despite the Appeals Committee's recommendation, the defendant Chancellor of the University at that time denied the plaintiff's application for tenure and promotion and refused to extend the plaintiff's probationary period. The Chancellor later terminated Wigginton's employment in June 2014, effective May 10, 2015. The plaintiff appealed the Chancellor's decision denying him tenure to the Mississippi Board of Trustees of Institutions of Higher Learning (the "IHL Board"), which denied his request for review. The IHL Board later terminated the Chancellor's employment in March 2015.

The plaintiff filed the present action on June 11, 2015, and his amended complaint on October 26, 2015. He alleges violations of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, and 42 U.S.C. § 1983, seeking damages and declaratory and injunctive relief against the defendants for committing acts under color of state law with the intent of depriving him of constitutional and statutory rights; wrongfully discriminating against him on the basis of race, gender, and age; arbitrarily and capriciously denying him of property and liberty interests in violation of his due process rights; retaliating against him for his exercise of constitutionally protected speech in violation of the First Amendment; and state law claims including breach of the plaintiff's employment contract with the University.

The defendants subsequently moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) and on qualified immunity grounds. The court denied the motions. The defendants have now moved for summary judgment on all claims.

4

Having thoroughly reviewed the record, briefing, and applicable authority in this case, the court finds the existence of genuine issues of material fact including, but not limited to, whether the defendants' proffered legitimate reason for the plaintiff's denial of tenure and promotion is pretext for discrimination, whether the defendants' decision to deny tenure and promotion to the plaintiff was arbitrary and capricious, and whether the individually named defendants retaliated against the plaintiff by denying his application for tenure and promotion because the plaintiff exercised his right to constitutionally protected speech of which the defendants were aware. The presence of genuine issues of material fact precludes summary judgment in this case.

Accordingly, it is **ORDERED AND ADJUDGED** that the defendants' motion for summary judgment should be and the same is hereby **DENIED**.

This, the 5th day of October, 2017.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**