IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL WIGGINTON, JR.                                                                           PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:15CV093-NBB-RP

THE UNIVERSITY OF MISSISSIPPI,
CHANCELLOR DAN JONES,
PROVOST MORRIS STOCKS,
DEAN JOHN KISS, DEAN VELMER BURTON,
AND CHAIR ERIC LAMBERT                                                                        DEFENDANTS

**ORDER**

This cause comes before the court upon the defendants' motions in limine. Upon due consideration of the motions, responses, exhibits, and applicable authority, the court is ready to rule.

The Fifth Circuit has noted that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980). It is axiomatic that the court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds. *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). "Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in the proper context." *Gonzalez v. City of Three Rivers*, No. C-12-045, 2013 WL 1150003, at *1 (S.D. Tex. Feb. 8, 2013) (citing *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine

whether the evidence in question should be excluded." *Hawthorne Partners*, 813 F. Supp. at 1401. With this standard in mind, the court turns to the defendants' motions in limine.

First, the defendants seek to exclude testimony and evidence showing that a younger African-American male and a younger Caucasian female were hired as new tenure-track professors after the plaintiff's tenure application was denied. The defendants argue exclusion on grounds of relevancy, asserting that these employment decisions are too dissimilar in nature to the plaintiff's tenure denial to be probative, and because admission of the evidence would be more prejudicial than probative under Fed. R. Evid. 403. The plaintiff asserts that such evidence is relevant in that it tends to suggest that unlawful discrimination toward older white males served as the motivation for Wigginton's denial of tenure and promotion and eventual termination. The plaintiff further argues that to exclude evidence under Rule 403 requires that the evidence be *substantially* more prejudicial than probative. The court finds that this motion should be denied at this time as overly broad and premature. Defense counsel may raise objections as appropriate at trial.

Second, the defendants seek to preclude the plaintiff from introducing opinion testimony regarding his qualification for tenure at the time he applied in 2014. The defendants assert that such an opinion would require specialized knowledge under Fed. R. Evid. 702, and the plaintiff did not designate any expert witnesses. The plaintiff argues that no scientific, technical, or other specialized knowledge is required to form an opinion as to the plaintiff's qualifications for tenure. The plaintiff asserts that all that "is required is reading comprehension, which is familiar in the average person's everyday life." Doc. 127. The plaintiff further asserts that the motion is overly broad in that it "seeks a blanket ban on any testimony which would suggest that Dr.

Wigginton was wrongly denied tenure for which he was qualified" and that "[t]o the extent any testimony is deemed to be subject matter beyond the ken of a layperson, an application will be made to the court to qualify any witness who testifies." *Id.* The court finds that the motion is overly broad and premature and should be denied at this time.

Third, the defendants seek to exclude evidence or testimony related to allegations that a fellow faculty member, Linda Keena, told certain graduate students that the departmental faculty was made up of "too many old, white men." The defendants argue that in addition to being double hearsay, the statement should also be excluded because Keena was not an administrator and had no authority over the tenure decision underlying the plaintiff's claims. The defendants also seek to exclude evidence that defendant Velmer Burton, Dean of the School of Applied Sciences at the time, told a former assistant dean that he wanted to "rid the school of older professors." The plaintiff also complained of the University's use of diversity metrics, diversity goals, and a diversity initiative as factors contributing to the denial of his tenure application, but according to the defendants, he has produced no evidence that any such goal, initiative, or metric played any role in his tenure application process. The plaintiff argues that a motion to exclude probative evidence based on the defendants' speculation that some testimony may constitute hearsay is not ripe for decision at this time and must be denied. Any objection under Fed. R. Evid. 802 is more appropriately entered at trial as it would allow the court to consider the merits of the objection in the proper context as opposed to guessing what testimony or evidence will be presented. Further, the plaintiff argues that the evidence may be admitted under Rule 803 to show Burton's state of mind and motive for recommending against granting tenure and Keena's state of mind and motive for voting against the plaintiff's tenure application to his detriment.

3

The court agrees with the plaintiff that the motion is overly broad and premature, and it will be denied.

Fourth, the defendants seek to exclude evidence or testimony related to certain types of damages at trial – specifically, back pay and front pay for lost wages. The defendants base their argument on their assertion that the plaintiff did not adequately mitigate his damages. Back pay is not awarded during periods of time in which a plaintiff is employed in a comparable position. *Palasota v. Haggar Clothing Co.,* 499 F.3d 474, 486 (5th Cir. 2007). Whether the relevant position is comparable and whether the plaintiff's back pay earnings should be tolled is a question for the jury. *Id.* The defendants complain that the plaintiff failed adequately to mitigate his damages when he found comparable employment at Troy University but later voluntarily resigned from the position. The plaintiff contends that he has gone to considerable effort to mitigate his damages by seeking and gaining employment at Troy University and later Tulane University and the University of Southern Mississippi. Whether a plaintiff has mitigated his damages is a question of fact for the jury. *Hill v. City of Pontotoc, Miss.*, 993 F.2d 422, 427 (5th Cir. 1993). The court finds this motion overly broad and premature, and it will be denied at this time.

Fifth, the defendants seek to exclude evidence or testimony related to a 2016 illness and hospitalization of the plaintiff. The plaintiff claims that a bacterial infection he suffered in 2016 was brought on by the stress of a 700-mile commute to Troy, Alabama, for his job which he would not have made if he had been allowed to continue work at the University of Mississippi. Defendants assert there is no admissible proof that the infection he suffered in June 2016 was caused by or related to the denial of his tenure and promotion application in May 2014. The

4

plaintiff argues that the motion is overly broad and that the evidence of his 2016 illness and hospitalization is probative of the fact that he suffered emotional distress and mental anguish as a result of the defendants' misconduct. He asserts that he should be allowed to call Dr. Charles Hill and Dr. S. Todd Threadgill, his treating physicians, and that this motion is not ripe for decision until the plaintiff solicits testimony from these doctors with regard to their opinions as to the cause of his illness. The plaintiff asks that the motion be denied and any objections reserved for trial. The court agrees, and the motion will be denied at this time.

Finally, the defendants seek to exclude evidence and testimony regarding unrelated issues including evidence of an alleged disagreement between defendants Lambert and Burton after they made their respective recommendations on the plaintiff's tenure application. The defendants anticipate that the plaintiff may seek to introduce evidence of a 2015 disagreement regarding the potential hire of a visiting professor who had apparently been accused of harassment at a previous place of employment. The court finds no relevancy of the evidence set forth, and it will be excluded. Further, the plaintiff appears to have confessed the motion because he filed no response or objection to it. The court finds that the motion should be granted.

Accordingly, it is **ORDERED AND ADJUDGED**

that the defendants' motion in limine regarding dissimilar employment decisions is **DENIED**;

that the defendants' motion in limine regarding qualification for tenure is **DENIED**;

that the defendants' motion in limine regarding miscellaneous allegations is **DENIED**;

that the defendants' motion in limine regarding lost wages is **DENIED**;

5

that the defendants' motion in limine regarding medical damages is **DENIED**; and

that the defendants' motion in limine regarding private and unrelated information is **GRANTED**.

This, the 20th day of October, 2017.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**