**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**MICHAEL WIGGINGTON, JR.**                                                          **PLAINTIFF**

**V.**                                                             **CIVIL ACTION NO. 3:15-cv-93-NBB-RP**

**THE UNIVERSITY OF MISSISSIPPI,
CHANCELLOR DANIEL W. JONES,
PROVOST MORRIS H. STOCKS,
DEAN JOHN Z. KISS, DEAN VELMER
BURTON AND CHAIR ERIC LAMBERT**                           **DEFENDANTS**

**ORDER**

Presently before the court is Plaintiff Michael Wigginton's Motion for the Parties to Bear Their Own Costs filed pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. Upon due consideration of the motion, response, and applicable authority, the court finds that the motion is well taken and should be granted.

Plaintiff was hired as an assistant professor in a tenure-track position in the Department of Legal Studies at the University of Mississippi in 2008. Plaintiff filed this action against the University and the individual defendants following the denial of his application for tenure and promotion and his subsequent termination in 2015. Plaintiff alleged that Defendants had arbitrarily applied the tenure and promotion guidelines which were provided to him during his first year of employment.

After extensive litigation, a five-day jury trial was conducted before this court wherein a duly empaneled and sworn jury considered the testimony of nine witnesses and hundreds of pages of documentary evidence and concluded that each individual defendant had deprived Plaintiff of a constitutionally-protected interest in a fair administration of his tenure and promotion review, free from irrationality and arbitrary and capricious decision-making. The jury

awarded $100,000.00 for past pain and suffering and $100,000.00 for future pain and suffering, as well as $18,000.00 for past wages and benefits.

Defendants' post-trial motions for judgment notwithstanding the verdict asserted, inter alia, that Plaintiff had no constitutionally-protected property interest in the expectation of tenure and that Defendants were entitled to qualified immunity. This court denied the motions, and Defendants appealed. The Fifth Circuit Court of Appeals reversed, finding Defendants were entitled to judgment as a matter of law based on the doctrine of qualified immunity because Plaintiff failed to identify any state or federal law placing Defendants on notice that Plaintiff's contractual right to a fair tenure-review process was a clearly established constitutionally-protected interest. Defendants subsequently filed their Bill of Costs requesting $10,305.55. Plaintiff then filed the present motion requesting that this court deny this request and order that the parties bear their own costs.

A court may award costs to a prevailing party under Federal Rule of Civil Procedure 54(d). The rule "contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). The court, however, has discretion in determining whether to award costs. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Because a denial of costs to a prevailing party "is in the nature of a penalty," a district court should state reasons for its decision when it denies such an award. *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). The Fifth Circuit has enumerated reasons courts should consider before denying costs to a prevailing party. *Pacheco*, 448 F.3d at 794. These include (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; (5) the prevailing party's enormous financial resources; and (6) the losing party's good faith in

prosecuting the action. *Id.* (citing 10 Charles Alan Wright & Arthur L. Miller, Federal Practice and Procedure § 2668 at 234 (1998)).

As disparity in resources is the crux of the financial factor in the present case – not Plaintiff's indigence – the court finds it sensible to examine the first and fifth factors regarding financial resources together. The court notes that, while the Fifth Circuit has held that an award of costs to the prevailing party cannot be denied based on a finding of "relative wealth" or "enormous wealth" *alone*,[1] the factor may nonetheless be considered along with the other factors in support of a denial of costs. *Pacheco*, 448 F.3d at 794. Plaintiff has provided evidence of his earnings from 2014 through 2019, which, when compared to the 2018-2019 operating budget of the University of Mississippi in the amount of $540,346,649.00, adequately establishes a significant disparity in the financial resources of the parties, and this factor weighs in favor of denial of an award of costs to Defendants. For instance, after Plaintiff's employment with the University was terminated in 2015, he signed a ten-month contract for $60,000.00 with Troy University in Alabama. In 2017, when this commute from his home in Mississippi became too difficult, Plaintiff ultimately entered into a contract of employment with the University of Southern Mississippi for $57,000.00. Plaintiff does not argue his indigency. He simply argues that the disparity in financial resources between himself and the University supports the financial component of the factors favoring denial of costs to Defendants. Further, Defendants "do not contest that the University is a state governmental entity with significant financial resources…." [Docket 190, p. 7].

Turning to the second factor, the court notes that other courts within this circuit have opined that a jury finding may demonstrate misconduct on behalf of an ultimately prevailing

---

[1] *Moore v. CITGO Refining & Chems. Co.*, 735 F.3d 309, 319 (5th Cir. 2013).

3

party.  *See, e.g.*, *Lamb v. Mendoza*, 2010 U.S. Dist. LEXIS 152244; *Arriaga v. Rendon*, 2010 U.S. Dist. LEXIS 24781.  In the present action, a unanimous jury found that Defendants failed to exercise professional judgment and made arbitrary and capricious decisions which had "no rational connection between the known facts and the decision or between the found facts and the evidence."  The jury ultimately awarded $218,000.00 to Plaintiff.  The court finds the second factor weighs in favor of a denial of costs to Defendants.

      The third factor – whether close and difficult legal issues were presented – is easily satisfied here.  As the individual defendants involved in this case were state officials, the claims required the parties to consider whether the doctrine of qualified immunity would insulate the officials from civil liability.  Examining the defense of qualified immunity requires a determination as to whether Defendants' conduct violated "clearly established law."  As the Fifth Circuit has noted, the difficulty inherent in qualified immunity jurisprudence is attributable to the fact that "courts of appeals are divided – intractably – over precisely what degree of factual similarity must exist" for the law to be "clearly established."  *Zadeh v. Robinson*, 902 F.3d 483, 498 (5th Cir. 2018) (Willett, J., *concurring*); *see also Golodner v. Berliner*, 770 F.3d 196, 205 (2d Cir. 2014) ("Few issues related to qualified immunity have caused more ink to be spilled than whether a particular right has been clearly established.").

      Further, the Fifth Circuit has explicitly acknowledged that the substantive process due a non-tenured applicant for tenure and promotion is "the exercise of professional judgment, in a non-arbitrary and non-capricious fashion."  *Spuler v. Pickar*, 958 F.2d 103, 107 (5th Cir. 1992).  The Fifth Circuit has also recognized that a plaintiff may have a property interest in a rational application of a university merit-based policy.  *Harrington v. Harris*, 118 F.3d 359, 368 (5th Cir. 1997).  Yet, despite this case law, the Fifth Circuit determined in the present case that Plaintiff

did not demonstrate a clearly established property interest and reversed the jury's $218,000.00 verdict. Clearly, the factor of a close and difficult legal question is satisfied here. The legitimately inarguable existence of ambiguity in this area of law likewise supports Plaintiff's good faith in prosecuting the action, but as will be addressed below, Defendants concede Plaintiff's good faith.

Neither party in the case *sub judice* addresses the fourth factor – substantial benefit conferred to the public – and the court finds the matter inapplicable here and unnecessary to its determination of whether to deny costs to Defendants. As the court has combined the fifth factor, the prevailing party's enormous financial resources, with its discussion of the first factor, the losing party's limited financial resources, the court now turns to the sixth and final factor – the losing party's good faith in prosecuting the action.

Defendants have conceded that Plaintiff acted in good faith in pursuing his claims and have acknowledged a wide disparity in financial resources between Plaintiff and Defendants. They argue, however, that these factors are insufficient to justify a denial of costs to Defendants. The court is aware that "good faith, *by itself*, cannot defeat the operation of Rule 54(d)(1)." *Pacheco*, 448 F.3d at 794 (emphasis added). Likewise, the significant financial resources of Defendants *alone* cannot justify a ruling in favor of Plaintiff in this instance. *Assariathu v. Lone Star HMA LP*, 2012 U.S. Dist. LEXIS 193955, *7 (N.D. Tex. Jun. 5, 2012) (finding that the plaintiffs failed to "overcome the strong presumption that the prevailing party will be awarded costs simply because Defendants have significant financial resources"). Neither of these factors stands alone here, however. These two factors have been conceded, and the court finds that the remaining applicable factors support Plaintiff's position. Accordingly, the court finds Plaintiff's motion well taken.

As a final note, the court rejects Defendants' argument that Plaintiff's motion was untimely filed. *See* Fed. R. Civ. P. 54(d)(1). Even if the motion were untimely filed, however, the time for filing objections is not jurisdictional; thus, an untimely bill or objections thereto may nevertheless be considered according to the court's discretion. *See United States v. Kolesar*, 313 F.2d 835, 837, n.1 (5th Cir. 1963).

For the foregoing reasons, the court finds that Plaintiff's Motion for the Parties to Bear Their Own Costs is well taken, and that it should be, and the same is hereby, **GRANTED**.

**SO ORDERED AND ADJUDGED** this 10th day of March, 2021.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE